UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| RG Golf Warehouse, Inc., | Case No.: 19-CV-0585 (WMW/DTS) |
| Plaintiff, | |
| vs. | **ANSWER** |
| The Golf Warehouse, Inc., | |
| Defendant. | |

**COMES NOW** Defendant The Golf Warehouse, Inc. ("Defendant" or "TGW"), by its undersigned attorneys, and as and for its Answer to RG Golf Warehouse, Inc.'s ("Plaintiff" or "RG Golf") Complaint, denies each and every thing, matter, and allegation contained in the Complaint except as hereinafter accepted, admitted, or otherwise allowed.

### Parties

1. TGW lacks sufficient information to admit or deny the allegations in Paragraph 1.

2. With respect to the allegations in Paragraph 2, TGW admits that The Golf Warehouse, Inc. was previously a privately held Delaware corporation, but because of a recent corporate restructuring is now a privately held Minnesota limited liability company, with its principal place of business in Kansas, but denies the remaining allegations in Paragraph 2.

**Jurisdiction and Venue**

3.  The allegations in Paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute that this Court has diversity jurisdiction over this case under 28 U.S.C. § 1332, and supplemental jurisdiction under 28 U.S.C. § 1367.

4.  The allegations in Paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, TGW admits that it is owned by the parent companies and/or entities listed in its Rule 7.1 Corporate Disclosure Statement (ECF 10), that TGW and RG Golf executed a referral agreement on or about March 10, 2011 (the "Referral Agreement"), which document speaks for itself, and that TGW terminated the Referral Agreement on November 12, 2014. Further answering, TGW denies the allegations contained in Paragraph 4 that are inconsistent with the terms of the Referral Agreement. TGW lacks sufficient information to admit or deny the remaining factual allegations in Paragraph 4.

5.  The allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, Defendant does not dispute that venue is proper in this district.

**Factual Allegations**

6.  With respect to the allegations in Paragraph 6, TGW admits that RG Golf and TGW signed a Confidential Letter of Intent dated February 21, 2011 ("LOI"), which document speaks for itself. Further answering, TGW denies the allegations contained in Paragraph 6 that are inconsistent with the terms of the LOI.

7. With respect to the allegations in Paragraph 7, TGW admits that RG Golf and TGW executed the Referral Agreement dated March 10, 2011, which document speaks for itself. Further answering, TGW denies the allegations contained in Paragraph 7 that are inconsistent with the terms of the Referral Agreement.

8. With respect to the allegations in Paragraph 8, TGW admits that RG Golf and TGW executed the Referral Agreement dated March 10, 2011, which document speaks for itself. Further answering, TGW denies the allegations contained in Paragraph 8 that are inconsistent with the terms of the Referral Agreement.

9. The allegations in Paragraph 9 state legal conclusions to which no response is required.

10. The allegations in Paragraph 10 state legal conclusions to which no response is required.

11. TGW lacks sufficient information to admit or deny the allegations in Paragraph 11.

12. With respect to the allegations in Paragraph 12, TGW admits that it, and/or its predecessors in interest, owned and/or operated several web domains for the purpose of selling golf related merchandise. TGW lacks sufficient information to admit or deny the remaining allegations in Paragraph 12.

13. With respect to the allegations in Paragraph 13, TGW admits that RG Golf and TGW executed the Referral Agreement and the LOI, which documents speak for themselves. Further answering, TGW denies the allegations contained in Paragraph 13 that are inconsistent with the terms of the Referral Agreement and/or the LOI.

14. With respect to the allegations in Paragraph 14, TGW admits that RG Golf and TGW executed the Referral Agreement, which document speaks for itself. Further answering, TGW denies the allegations contained in Paragraph 14 that are inconsistent with the terms of the Referral Agreement.

15. TGW lacks sufficient information to admit or deny what Plaintiff "noticed", but denies the remaining allegations in Paragraph 15, and affirmatively denies that it breached the Referral Agreement.

16. With respect to the allegations in Paragraph 16, TGW admits that RG Golf and TGW discussed issues relating to the tracking of cookies and that TGW duly addressed any issues related to the same. TGW denies the remaining allegations in Paragraph 16, and TGW affirmatively denies that it breached the Referral Agreement.

17. With respect to the allegations in Paragraph 17, TGW lacks sufficient information to admit or deny what Plaintiff "noticed", admits it disclosed certain sales data and information to RG Golf pursuant to the Referral Agreement, denies the remaining allegations in Paragraph 17, and affirmatively denies that it breached the Referral Agreement.

18. Defendant denies the allegations in Paragraph 18.

19. With respect to the allegations in Paragraph 19, TGW admits that RG Golf and TGW discussed issues relating to sales data and that RG Golf requested additional data, but denies the remaining allegations in Paragraph 19, and TGW affirmatively denies that it breached the Referral Agreement.

20. With respect to the allegations in Paragraph 20, TGW admits that RG Golf requested additional sales data and that TGW duly addressed any issues related to the same, but denies the remaining allegations in Paragraph 20, and TGW affirmatively denies that it breached the Referral Agreement.

21. With respect to the allegations in Paragraph 21, TGW admits that RG Golf and TGW unsuccessfully attempted to resolve Plaintiff's claims, but denies the remaining allegations in Paragraph 21, and TGW affirmatively denies that it breached the Referral Agreement.

22. With respect to the allegations in Paragraph 22, TGW admits that one or more of its employees who were involved in discussions with RG Golf left their employment with TGW during and after the term of the Referral Agreement, but denies the remaining allegations in Paragraph 22, and TGW affirmatively denies that it breached the Referral Agreement.

23. With respect to the allegations in Paragraph 23, TGW admits that RG Golf and TGW discussed issues relating to, referral fees, the tracking of cookies and sales data, but denies the remaining allegations in Paragraph 23, and TGW affirmatively denies that it breached the Referral Agreement.

24. TGW lacks sufficient information to admit or deny the allegations in Paragraph 24 given that the phrase "positioning itself for sale" is vague, ambiguous and undefined.

25. TGW denies the allegations in Paragraph 25.

26. TGW denies the allegations in Paragraph 26.

27. With respect to the allegations in Paragraph 27, TGW admits that it terminated the Referral Agreement on or about November 11, 2014, but denies the remaining allegations in Paragraph 27.

28. With respect to the allegations in Paragraph 28, TGW admits that it terminated the Referral Agreement on or about November 11, 2014 and that it has not done further business with RG Golf. TGW further answers that the Court has dismissed Count III, and therefore, no response to the remaining allegations relating to Count III, including Paragraph 28, is required.

29. TGW answers that the Court has dismissed Count III, and therefore, no response to allegations relating to Count III, including Paragraph 29, is required.

30. With respect to the allegations in Paragraph 30, TGW admits that at various times RG Golf requested additional information from TGW, but denies the remaining allegations in Paragraph 30, and TGW affirmatively denies that it breached the Referral Agreement.

31. With respect to the allegations in Paragraph 31, TGW lacks sufficient information to admit or deny what Plaintiff "learned" or when Plaintiff allegedly learned it, but denies the remaining allegations in Paragraph 31.

32. With respect to the allegations in Paragraph 32, TGW admits that RG Golf and TGW discussed issues relating to sales data and that at various times RG Golf requested additional information from TGW, but denies the remaining allegations in Paragraph 32 and TGW affirmatively denies that it breached the Referral Agreement.

33.     The allegations in Paragraph 33 state legal conclusions to which no response is required. To the extent a response is required, TGW denies the allegations in Paragraph 33.

## COUNT I
### (Breach of Contract)

34.     Paragraph 34 does not contain specific allegations against TGW, and is instead, a reassertion of prior allegations against TGW. To the extent that Paragraph 34 contains allegations against TGW, TGW denies the same and re-alleges and incorporates by reference all prior responses as if set forth herein.

35.     The allegations in Paragraph 35 state legal conclusions to which no response is required. To the extent a response is required, TGW denies the allegations contained in Paragraph 35 that are inconsistent with the provisions of the Referral Agreement and the applicable law.

36.     The allegations in Paragraph 36 state legal conclusions to which no response is required. To the extent a response is required, TGW denies the allegations contained in Paragraph 36 that are inconsistent with the provisions of the Referral Agreement and the applicable law.

37.     TGW denies the allegations in Paragraph 37.

38.     TGW denies the allegations in Paragraph 38.

39.     TGW denies the allegations in Paragraph 39.

40.     TGW denies the allegations in Paragraph 40.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

41. Paragraph 41 does not contain specific allegations against TGW, and is instead, a reassertion of prior allegations against TGW. To the extent that Paragraph 41 contains allegations against TGW, TGW denies the same and re-alleges and incorporates by reference all prior responses as if set forth herein. TGW further answers that the parties have stipulated to the dismissal of Count II, Count II has been dismissed, and therefore no response to allegations relating to Count II, including Paragraph 41, is required.

42. TGW answers that the parties have stipulated to the dismissal of Count II, Count II has been dismissed, and therefore no response to allegations relating to Count II, including Paragraph 42, is required.

43. TGW answers that the parties have stipulated to the dismissal of Count II, Count II has been dismissed, and therefore no response to allegations relating to Count II, including Paragraph 43, is required.

44. TGW further answers that the parties have stipulated to the dismissal of Count II, Count II has been dismissed, and therefore no response to allegations relating to Count II, including Paragraph 44, is required.

## COUNT III
### (Tortious Interference with Contract)

45. Paragraph 45 does not contain specific allegations against TGW, and is instead, a reassertion of prior allegations against TGW. To the extent that Paragraph 45 contains allegations against TGW, TGW denies the same and re-alleges and incorporates

8

by reference all prior responses as if set forth herein. TGW further answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 45, is required.

46. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 46, is required.

47. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 47, is required.

48. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 48, is required.

49. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 49, is required.

50. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 50, is required.

51. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 51, is required.

52. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 52, is required.

53. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 53, is required.

54. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 54, is required.

55. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 55, is required.

56. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 56, is required.

57. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 57, is required.

58. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 58, is required.

59. TGW answers that the Court has dismissed Count III, and therefore no response to allegations relating to Count III, including Paragraph 59, is required.

60. TGW answers that the Court has dismissed Count III, and therefore, no response to allegations relating to Count III, including Paragraph 60, is required.

## **COUNT IV**
**(Fraud)**

61. Paragraph 61 does not contain specific allegations against TGW, and is instead, a reassertion of prior allegations against TGW.  To the extent that Paragraph 61 contains allegations against TGW, TGW denies the same and re-alleges and incorporates by reference all prior responses as if set forth herein.  TGW further answers that the Court has dismissed Count IV, and therefore, no response to allegations relating to Count IV, including Paragraph 61, is required.

62. TGW answers that the Court has dismissed Count IV, and therefore no response to allegations relating to Count IV, including Paragraph 62, is required.

63. TGW answers that the Court has dismissed Count IV, and therefore no response to allegations relating to Count IV, including Paragraph 63, is required.

64. TGW answers that the Court has dismissed Count IV, and therefore no response to allegations relating to Count IV, including Paragraph 64, is required.

65. TGW answers that the Court has dismissed Count IV, and therefore no response to allegations relating to Count IV, including Paragraph 65, is required.

66. TGW answers that the Court has dismissed Count IV, and therefore no response to allegations relating to Count IV, including Paragraph 66, is required.

67. TGW answers that the Court has dismissed Count IV, and therefore no response to allegations relating to Count IV, including Paragraph 67, is required.

68. TGW answers that the Court has dismissed Count IV, and therefore no response to allegations relating to Count IV, including Paragraph 68, is required.

## Demand for Jury Trial

69. TGW answers that it does not dispute RG Golf's demand for a jury trial, to the extent that said demand is permitted by law and/or contract. TGW further answers that RG Golf is not permitted to any of the relief it requests from the Court.

## TGW's Affirmative Defenses

70. RG Golf's claims are barred in whole or in part because it has failed to state a claim upon which relief can be granted.

71. RG Golf's claims are barred in whole or in part under the doctrines of waiver, estoppel, and/or release.

72. RG Golf's claims are barred in whole or in part under the applicable statute of limitations and/or the doctrine of latches.

73. RG Golf's claims are barred in whole or in part because it has failed to mitigate its damages.

74. RG Golf's claims are barred in whole or in part by the explicit terms of the Referral Agreement and/or the LOI.

75. RG Golf's claims are barred in whole or in part because RG Golf has not sustained any loss, damage, harm, or detriment in any amount based on the actions of TGW.

76. RG Golf's claims are barred in whole or in part because any alleged damages were caused by the conduct of third-parties or other causes over whom TGW had no control and for whose conduct TGW is not liable.

77. RG Golf's claims are barred in whole or in part because it seeks relief not available to it in law or equity.

78. RG Golf's claims are barred in whole or in part based on any of the defenses and objections applicable in the Federal Rules of Civil Procedure, including but not limited to, all of the affirmative defenses listed in Fed. R. Civ. 8(c).

**WHEREFORE**, RG Golf's prayer for relief should be denied in all respects, and judgment should be entered in TGW's favor.

**FAFINSKI MARK & JOHNSON, P.A**.

Dated:  September 9, 2019

By:  s/ Patrick J. Rooney
Patrick J. Rooney (#0198274)
Schaan P. Barth (#0397898)
Flagship Corporate Center
775 Prairie Center Drive, Suite 400
Eden Prairie, MN  55344
Telephone:  (952) 995-9500
*patrick.rooney@fmjlaw.com*
*schaan.barth@fmjlaw.com*

**Attorneys for Defendant
The Golf Warehouse, Inc.**