## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

RG Golf Warehouse, Inc.,           Case No. 19-cv-585 (WMW/DTS)

    Plaintiff,                     **AMENDED PRETRIAL SCHEDULING ORDER**

v.

The Golf Warehouse, Inc.,

    Defendant.

---

The following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

<u>Initial Disclosures</u>

1. The parties must make their initial disclosures under Rule 26(a)(1) on or before December 20, 2019. If a description by category and location of the documents is offered pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), the party will provide a copy of their initial disclosure documents by January 24, 2020.

<u>Motions to Amend</u>

1. Motions seeking to join other parties must be filed and served by December 6, 2019.

2. Motions seeking to amend the pleadings must be filed and served by November 20, 2020.

3. Motions seeking to add punitive damages must be filed and served by August 21, 2020.

<u>Fact Discovery</u>

1. Written Discovery

   A. No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each party.

   B. No more than 50 document requests shall be served by each party. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).

        C.      No more than 30 requests for admissions shall be served by each party.

2. No more than 6 factual depositions, excluding expert witness depositions, shall be taken by each party.

3. The parties must commence fact discovery procedures in time to be completed on or before August 21, 2020.

Expert Discovery

1. Each party may call no more than 4 expert(s) to testify.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26(a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   Identification by Plaintiff on or before **June 19, 2020**; Disclosures by Plaintiff on or before **July 17, 2020**.

   Identification by Defendant on or before **August 14, 2020**; Disclosures by Defendant on or before **September 18, 2020**.

3. All expert discovery, including expert depositions, must be completed by **November 13, 2020**.

Preservation of Documents and Electronic Discovery

The parties have discussed the scope of discovery, including relevance and proportionality and any issues about preserving discoverable information. The parties have also discussed electronic discovery and agree upon the following:

See Stipulated ESI Protocol.

Non-Dispositive Motions

1. All non-dispositive motions relating to *fact* discovery must be filed and served by August 21, 2020.

2. All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by November 20, 2020.

3. The parties must meet and confer to resolve fact and expert discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling Terianne Bender, Judicial Assistant to Magistrate Judge Schultz at 612-664-5460, prior to filing, except when all parties agree that no hearing is required. Such an agreement must be expressly set forth in the notice of motion. Once the moving party has secured a hearing date, it must promptly file a notice of motion informing all parties of the nature of the motion and the date, time and location of the hearing, along with complete moving papers as required by Local Rule 7.1. A moving party may not call chambers to "hold" a motion date without filing complete moving papers as required by Local Rule 7.1 unless it receives prior permission from the Court.

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission. All motions must be filed and served within the time periods set forth in this Order and the Local Rules.

If a discovery motion is related to written discovery or the contents of depositions, the parties must fill out a chart (attached) that describes each disputed discovery request and response; each party's position, and the moving party's last offered compromise. This chart must be in Word format and emailed at least three business days before the hearing to chambers at: Schultz_chambers@mnd.uscourts.gov. Failure to provide this chart to the Court as required by this scheduling order shall result in the cancellation of the hearing.

<u>Dispositive Motions</u>

All dispositive motions shall be **filed, served, and scheduled** on or before September 18, 2020. Counsel shall first schedule the hearing <u>at least 42 days in the future</u> by calling District Judge Wright's Courtroom Deputy, Mona Eckroad, at 651-848-1640. After the moving party has secured a hearing date, the moving party shall promptly inform all parties of the nature of the motion and the date, time, and location of the hearing.

All dispositive motions shall be filed and served in compliance with the Electronic Case Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1, <u>except</u> that any reply memorandum or notice stating that no reply will be filed must be filed and served within <u>7 days after</u> the filing of any response. When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed to Courtroom Deputy Mona Eckroad or delivered to the clerk of courts.

3

Parties are expected to be familiar with and adhere to the Federal Rules, the Local Rules, and any supplementation of those rules outlined in Judge Wright's Practice Pointers and Preferences, available on the District of Minnesota website.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission from the undersigned magistrate judge. Permission shall be sought by electronically filing via CM/ECF a letter of no more than three (3) pages briefly setting forth the basis for the motion, whether discovery relating to the issue or issues to be addressed by the motion is complete, and why judicial efficiency would be served by allowing the motion to proceed at this time. The other party or parties may file brief letters in support of or in response to the request. Denial of a request for permission to file an interim dispositive motion shall not be taken as an indication of the Court's view about the merits of the proposed motion.

Privilege/Protection

The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

Protective Order

The parties intend to enter into a protective order. In the interim, any documents that any producing party believes should be governed by a protective order shall be produced to opposing counsel for the attorney's review only and shall not be withheld on the basis that no protective order is yet in place. After the protective order is entered, the producing party must designate the documents under the protective order. Local Rule 5.6 governs filing under seal. Any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

Joint Motions Regarding Continued Sealing Pursuant to LR 5.6

A document will be sealed in a civil case "only as provided by statute or rule, or with leave of court." LR 5.6(a)(1). The fact that a document may be subject to a protective order—for example, that a party designated it "confidential" under a protective order—is not dispositive of whether the Court will order it to remain sealed. Simply stating that a party designated it confidential, without more, is not an adequate reason or explanation within the meaning of LR 5.6(d(2)(A) to support a request that the Court order the document to remain sealed. A party must briefly explain the underlying reason that the particular information should remain sealed and unavailable to the public. If the reason is not a commonly recognized one, or there is a statute or regulation that requires the information to be withheld from the public, the party must identify it and briefly explain how the information falls under the statute or rule.

<u>Trial</u>

      This case shall be ready for jury trial as of March 22, 2021. The parties estimate that trial of this matter will take 5 days.

<u>Practice Pointers and Preferences</u>

      Please refer to Magistrate Judge David T. Schultz's Practice Pointers and Preferences which may be found on the Court's website.

Dated: April 28, 2020                        <u>s/David T. Schultz</u>
                                                    DAVID T. SCHULTZ
                                                    U.S. Magistrate Judge

**Case Name and Number** _____

Several discovery responses have been identified as deficient in [the moving party's Motion to Compel (ECF No. \_\_\_\_\_)]. To assist the Court in more efficiently resolving the parties' discovery dispute, the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is not to repeat, or cut and paste, the arguments present in the parties' memoranda, but to identify succinctly each party's position and the compromise last offered at the meet and confer. Please attach additional sheets as necessary. At least three business days before the hearing, the fully completed chart shall be e-mailed to chambers at Schultz_chambers@mnd.uscourts.gov

| Discovery Request at Issue (state verbatim the request) | Moving Party's Position | Responding Party's Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise | Court Notes |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

Counsel for Moving Party: _____

Counsel for Responding Party: _____

Date: _____